UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ADEL GHATTAS SHEHATA ISHAK,

                Petitioner,

v.

DONALD EMERSON et al.,

                Respondents.
_____/

Case No. 1:26-cv-653

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

### **Discussion**

**I.    Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release Petitioner or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.7, 8.)

In an order entered on March 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) On March 10, 2026, Respondents filed a motion to dismiss this matter. (ECF No. 4.)

## II.      Factual Background

Petitioner is a native and citizen of Egypt. (Notice to Appear (NTA), ECF No. 4-4, PageID.54.) Petitioner entered the United States on August 22, 2023, at or near Lukeville, Arizona, without inspection. (*Id*.; 2023 Form I-213, ECF No. 4-5, PageID.59.) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered and arrested Petitioner. (2023 Form I-213, ECF No. 4-5, PageID.59.) DHS initially placed Petitioner in expedited removal proceedings. (*Id*., PageID.60.) Thereafter, DHS found that Petitioner had demonstrated a credible fear of persecution or torture. (NTA, ECF No. 4-4, PageID.54.) DHS then issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," and "who, at the time of application for admission, is not in possession of a valid unexpired [immigration or travel document]," which placed Petitioner in standard, non-expedited removal proceedings under § 240 of the INA. (*Id*.) Petitioner was then paroled into the United States under 8 U.S.C. § 1182(d)(5)(A), for a period of one year. (Interim Notice Authorizing Parole, ECF No. 4-6, PageID.62.) Petitioner has no criminal history. (2025 Form I-213, ECF No. 4-7, PageID.66.)

On August 3, 2025, ICE agents encountered and arrested Petitioner. (*Id*., PageID.65.) On March 5, 2026, the Detroit Immigration Court entered an order denying Petitioner's request for a change in custody status because it found that Petitioner is a flight risk. (Order Immigration Judge, ECF No. 4-9, PageID.71.)

### III.   Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

### IV.   Discussion

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to conduct a bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.7, 8.) After Petitioner initiated this action, Petitioner had a bond hearing in the Detroit Immigration Court, and the immigration judge issued a written decision denying Petitioner's request for a bond on March 5, 2026. (Order Immigration Judge, ECF No. 4-9, PageID.71.) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks

in his § 2241 petition, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[1]

### Conclusion

For the reasons discussed above, the Court will enter a judgment granting Respondents' motion to dismiss and dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      April 21, 2026                              /s/ Jane M. Beckering
                                                        Jane M. Beckering
                                                        United States District Judge

---

[1] Petitioner is free to challenge the nature of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the March 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.

4